UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GOKHAN SAHIN,

Petitioner,

Case No. 1:26-cv-101

Bowman, M.J.

ZEYNEP JULIDE SAGLAM,

Respondent.

**ORDER**

This Hague Convention case is currently before the Court on Petitioner's motion to quash subpoena to Miami University and the parties' responsive memoranda. Also before the Court is Respondent's motion to compel. Counsel for the parties appeared by, phone on October 5, 2026 for a status conference. The motions will be addressed in turn.

**A. Petitioner's motion to Quash Subpoena (Docs. 17, 20)[1]**

Petitioner commenced this action under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA"), seeking the return of the parties' minor child from the United States to Turkey. Petitioner alleges that the child's habitual residence was Turkey immediately before Respondent removed or retained the child in the United States. Petitioner further alleges that the parties and the child lived in Turkey from approximately July 2020 until September 2025, when Respondent returned to the

[1] Petitioner originally filed the motion to quash on June 22, 2026. The motion was then refiled as a searchable PDF in compliance with Local Rule 5.1 on June 23, 2026. (Doc. 20).

United States with the child. (Doc. 20 at 3-4). Respondent disputes Petitioner's position concerning habitual residence. According to Respondent, the parties married in Ohio in 2005 and primarily lived in Ohio throughout the marriage. Respondent further maintains that, before the parties' travel to Turkey in 2020, Petitioner had been a longtime Ohio resident and employee of Miami University. Respondent contends that the parties' time in Turkey began as a temporary visit to care for Petitioner's mother, but the stay became extended because of the COVID-19 pandemic and family medical circumstances. (Doc. 27 at 1-2). The Court does not resolve those factual disputes in this Order. They bear, however, on the parties' discovery dispute because the location and character of the family's residence, the parents' shared intentions, and the circumstances surrounding the child's residence are central to the parties' competing habitual-residence positions.

In connection with discovery, Respondent served a subpoena duces tecum on Miami University, Petitioner's employer. As described by the parties, the subpoena requests: (1) all employment and pay records relating to Petitioner for a twenty-one-year period; (2) communications between Miami University and Petitioner concerning employment terms and other employment-related matters for that same period; (3) employment records and correspondence concerning Petitioner's teaching assignments from 2018 through the present; (4) employment records and correspondence concerning future or upcoming teaching assignments; (5) employment records and correspondence concerning any sabbatical or leave of absence during Petitioner's employment; (6) W-2 forms and pay stubs issued during Petitioner's employment; and

(7) documents concerning Petitioner's retirement plans, deferred compensation, and other retirement benefits. (Doc. 17, Ex. A).

Petitioner moves to quash the subpoena under Federal Rule of Civil Procedure 45. He maintains that the requests are beyond the scope of permissible discovery, irrelevant to the narrow habitual-residence issue, overbroad as to subject matter and time, and unduly burdensome to Miami University. (Doc. 20). Petitioner emphasizes that Respondent seeks, in some instances, more than two decades of employment and financial records, including income, retirement, and benefit information. Petitioner also asserts that he is willing to provide nonprotected information responsive to appropriately tailored discovery requests. (Id).

Rule 45 of the Federal Rules of Civil Procedure permits parties in legal proceedings to command non-parties to attend depositions. Fed. R. Civ. P. 45(a)(1). Determining the scope of subpoenas is within the court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Rule 45 mandates that courts must quash or modify subpoenas that place "undue burden" upon the persons served. Fed. R. Civ. P (45)(c)(3)(iv). "In considering whether the discovery sought is unduly burdensome, the Court considers whether 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues.'" *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, No. 2:11–mc–16, 2011 WL 4714000, *1, *5 (S.D. Ohio 2011) (quoting Fed.R.Civ.P. 26(b)(2)(C)(iii) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir.2007)). Courts also consider nonparty status to be a significant factor in the undue-burden analysis.

*Charters v. John Hancock Life Ins. Co.*, No. 09–50157, 2009 WL 818185, *1, *2 (E.D. Mich. 2009) (citing *N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D.D.C.2005)).

Here, Petitioner has not shown that quashing the subpoena is warranted. The subpoena is directed to Miami University, not Petitioner, and Petitioner identifies neither a privilege nor a particular personal right sufficient to support his challenge to the nonparty subpoena. His principal objection, undue burden, belongs to Miami University, which has not objected to compliance and reportedly was prepared to produce responsive documents pending resolution of this Motion. (Doc. 27 at 5). Further, the requested employment-related information is relevant to Respondent's defense that Ohio, rather than Turkey, was the child's habitual residence and that the parties' time in Turkey was temporary. Petitioner's generalized objections concerning relevance, breadth, and the subpoena's temporal scope do not establish a basis for relief under Rule 45(d)(3). The Motions to Quash (Docs 17, 20) are therefore **DENIED.**

**B. Motion to Compel (Doc. 33)**

Respondent Zeynep seeks to compel Petitioner Gokhan Sahin to serve his Rule 26(a)(1) initial disclosures and respond to Respondent's First Set of Interrogatories and Requests for Production of Documents (Doc. 33). Petitioner filed a memorandum in opposition (Doc. 36), and Respondent filed a reply (Doc. 37). The motion was ripe for the Court's review on September 25, 2026.

Here, Respondent served the discovery requests at issue on May 6, 2026. (Doc. 33 at 2). Petitioner concedes that, as of September 11, 2026, he had not served responses to Respondent's interrogatories or requests for production and had not served his initial disclosures. (Doc. 36). Rather, Petitioner represented that he was

nearing completion of his discovery responses and disclosures and anticipated serving them by September 18, 2026. (Id.). At the October 5, 2026, status conference, counsel for Petitioner represented that the outstanding discovery responses would be filed that day.

As an initial matter, the Court notes that Plaintiff failed to follow the required procedure for presenting discovery disputes to the Court before filing the instant Motion. Pursuant to S.D. Ohio Civ. R. 37.1 and this Court's standing procedures, the parties are required to exhaust all extrajudicial means of resolving a discovery dispute and, if unsuccessful, contact the Court to request an informal discovery conference before filing a discovery motion. Plaintiff did not do so here. Instead, Plaintiff filed the instant motion to compel and subsequently contacted the Court expressing concern that the unresolved discovery dispute was preventing the case from moving forward. The Court notes that the very purpose of its informal discovery conference procedure is to facilitate the prompt resolution of discovery disputes without the delay associated with formal motion practice. Had Plaintiff followed that procedure here, the parties' dispute likely could have been addressed and resolved much earlier, without the delay attendant to formal motion practice. The parties are reminded that any future discovery disputes must be presented to the Court in accordance with the Local Rules and this Court's standing procedures.

In any event, it is well established that Federal Rule of Civil Procedure 26(a)(1) requires a party to provide its initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless otherwise stipulated or ordered. Fed. R. Civ. P. 26(a)(1)(C). A party served with interrogatories must serve its answers and any

objections within 30 days, Fed. R. Civ. P. 33(b)(2), and a party served with requests for production must respond in writing within 30 days, Fed. R. Civ. P. 34(b)(2)(A). Under Rule 37(a), a party may move for an order compelling disclosure or discovery when another party fails to make disclosures required by Rule 26(a) or fails to answer an interrogatory or produce documents as requested. Fed. R. Civ. P. 37(a)(3)(A)–(B).

No dispute remains that Petitioner's initial disclosures and written discovery responses were overdue when Respondent filed her motion. Petitioner's representation that he anticipated serving the materials after filing his opposition does not resolve the motion or establish a basis to further delay discovery. Accordingly, Respondent's motion (Doc. 33) is well taken and herein **GRANTED**. It is therefore **ORDERED** that Petitioner shall, **within 7 days of this Order**: (1) Serve complete initial disclosures required by Federal Rule of Civil Procedure 26(a)(1); (2) Serve complete written answers to Respondent's First Set of Interrogatories, including any objections Petitioner contends have not been waived; and (3) Serve complete written responses to Respondent's First Requests for Production and produce all nonprivileged responsive documents in Petitioner's possession, custody, or control, or identify with specificity the reasonable time by which any identified responsive documents will be produced.

**IT IS SO ORDERED.**

*<u>/s Stephanie K. Bowman</u>*
Stephanie K. Bowman
Chief United States Magistrate Judge